**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| GARY McDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:09-CV-119 |
| | ) |
| MARY L. ELGIN, CALUMET TOWNSHIP | ) |
| TRUSTEE, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Mary Elgin, on August 19, 2009. For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

The following facts are based on the allegations of the complaint, which this Court accepts as true at this stage in the litigation.[1] Plaintiff, Gary McDaniel ("McDaniel"), is a male who

---

[1] Plaintiff's Complaint is handwritten on a 42 U.S.C. Section 1983 Complaint form available from the Clerk's Office and comes attached with a handwritten statement entitled "Case Summary", a typed statement entitled "Gary McDaniel", a copy of McDaniel's discrimination charge filed with the Indiana Civil Rights Commission, and various supporting documents including McDaniel's termination letter, EEOC right to sue letter and subpoena to testify in an unrelated civil matter (Velia Taneff vs. Calumet Township and Mary L. Elgin, cause no. 2:07 CV 216). Defendant has characterized these statements and the attached documents as extraneous to Plaintiff's Complaint and challenges their consideration for the purposes of this Motion as they fail to "conform to the definition of a complaint" according to Federal Rules of Civil Procedure 7(a) and 8(a) and that these documents are unsigned as required by Federal Rule of Civil Procedure 11(a). However, Federal Rule of Civil Procedure 10(c) provides in part that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *See Hirata Corp. v. J.B. Oxford and Co.*, 193 F.R.D. 589, 592 (S.D.Ind.2000) ("For the purposes of a Rule 12(b)(6) motion, the pleadings include the complaint, the answer, and any written instruments attached to the

was hired by the Calumet Township office on November 24, 1997, and in his most recent position worked as a Service Investigator.

McDaniel alleges that beginning in or around 2007, he received unwelcome sexual advances from a female supervisor, Phyllis Harvey ("Harvey"), including the "rubbing" and "grasping" of Plaintiff's hands, legs and buttocks. The last such advance occurred in December of 2007. Thereafter, McDaniel filed a sexual discrimination charge with the Gary [Indiana] Human Relations Commission on January 14, 2008. Plaintiff claims that he "went outside the company" to lodge his complaint due to "fear of retaliation" by the Defendant, Mary Elgin ("Elgin"), Calumet Township Trustee. Plaintiff characterizes Harvey as a very close friend of Elgin.

Plaintiff alleges that Harvey continued to harass him after the filing of the complaint and that he was threatened with "work-ups". Plaintiff also notes that he was unwillingly called by the Defendant to give his deposition in an unrelated civil law suit brought by a friend of the Plaintiff, Velia Taneff, against Elgin on September 26, 2008. Plaintiff alleges that the investigators assigned to his claim were listening in as McDaniel gave his deposition in the Taneff matter.

---

complaint as exhibits."). Moreover, McDaniel personally signed his Complaint in satisfaction of Federal Rule of Civil Procedure 11(a). Therefore, the Court will consider the documents submitted by Plaintiff as a whole to consist of the Complaint.

Plaintiff's employment was terminated on October 10, 2008. Plaintiff alleges that he lost his job due to "political reasons and retaliation," specifically because the Defendant was good friends with Harvey and because of the Plaintiff's friendship with Velia Taneff. McDaniel also briefly notes that he refused to buy political tickets and that he was punished for this. Finally, in addition to his termination, McDaniel alleges that he was subjected to sexual harassment, was looked over for raises and promotions, and that he was threatened with "work-ups."

**DISCUSSION**

In the Motion to Dismiss, the Defendant argues that Plaintiff failed to specify the law and/or theory of recovery that provides the basis for his claim and that Plaintiff has failed to provide adequate factual support for his claims. For these reasons, the Defendant seeks dismissal of the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

At the outset, it should be noted that Plaintiff is appearing *pro se* in this matter. Although, "*[P]ro se* litigants are masters of their own complaints," and "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir.2005), a document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than that of fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" to show that a pleader is entitled to relief. To avoid dismissal, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Bd. of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir.1994). Also, complaints need not match facts to the elements of the legal theory presented. *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1078 (7th Cir.1992) (contrasting common law pleading with pleading under Federal Rule of Civil Procedure 8).

In *Ashcroft v. Iqbal,* the Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard. 129 S.Ct. 1937 (2009). Although Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me

accusation." *Id.* at 1949. In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining the plausibility of a claim is "a context-specific task that requires [us] to draw on [our] judicial experience and common sense." *Id.* at 1950. "[N]aked assertions devoid of further factual enhancement" will not do. *Id.* at 1949 (internal quotation marks omitted). Furthermore, this pleading standard applies to all civil matters. *Iqbal*, 129 S.Ct. at 1953.

<u>Specificity of Plaintiff's Legal Theory of Recovery</u>

Defendant argues that Plaintiff's complaint lacks sufficient references to authority and should, therefore, be dismissed because it lacks an express jurisdictional statement. "A complaint must affirmatively aver such facts as will support the existence of federal jurisdiction." *Preston v. Purtell*, 410 F.2d 234, 236 (C.A.Wis. 1969). However, "[c]omplaints need not set out either legal theories or comprehensive factual narratives. Under Fed.R.Civ.P. 8 a complaint pleads claims, which is to say grievances." *Rapid Test Products, Inc. v. Durham School Services,*

*Inc*. 460 F.3d 859, 860-61 (7th Cir. 2006) (citations omitted). Instead of asking whether the complaint points to an appropriate statute, courts should ask "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992).

Although the complaint could undoubtedly be clearer as to the claims it purports to assert, Plaintiff has made sufficient factual allegations involving sexual harassment and retaliation in employment which suggest a cognizable claim does exist under federal law. Moreover, Plaintiff's Complaint references 42 U.S.C. section 1983 expressly. While Defendant correctly notes that section 1983 merely provides a cause of action and does not provide any substantive rights, the liberal pleading rules do not require that Plaintiff fully develop his claim at this early stage. Pleadings are to be judged by their substance rather than their form and the notice pleading rule reflects a liberal pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of federal court. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). Dismissal at this stage of the litigation is hard medicine and any prejudice the Defendant may suffer due to ambiguity in the complaint may be easily remedied through preliminary discovery

between the parties. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 779 (7th Cir. 2007).

Factual Sufficiency of Plaintiff's Complaint

Defendant further argues that the Complaint fails to provide sufficient factual matter to merit denial of the motion to dismiss. In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is facially plausible when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere conclusory allegations will not suffice. *Id*.

Plaintiff alleges that he was subjected to sexual harassment, that because of this harassment he filed a complaint with the Indiana Civil Rights Commission, and thereafter his employment was terminated for "political reasons and retaliation," specifically because the Defendant was good friends with Harvey and because of the Plaintiff's friendship with Velia Taneff. McDaniel also briefly notes that he refused to buy political tickets and that he was punished for this. While these allegations, if true, would support claims involving federal law proscribing discrimination in

employment, including wrongful discharge based on political affiliation or speech, retaliation and gender-based discrimination and harassment, the Defendant has argued that Plaintiff has failed to provide sufficient factual support for these claims and therefore the complaint should be dismissed.

Defendant is not required to fully develop his legal theories and factual support at the motion to dismiss stage. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998) ("[A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing"). Rather, all that is required by him is to provide sufficient factual allegations that would allow this court to draw a reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949.

Here, Plaintiff has made specific factual allegations that he was subjected to repeated, consistent sexual harassment, including unwelcome touching of his person, by his supervisor, Harvey, and that this has created a "hostile work environment." McDaniel alleges that after refusing Harvey's advances, his work was "scrutinized down to the letter," he was threatened with "work-ups", that he was looked over for raises and promotions, and that his employment was terminated. These factual allegations stand in contrast to the"[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" that concerned the

Supreme Court in *Iqbal*. Rather than merely making bare-boned assertions that he was "harassed" or suffered an "adverse employment action," McDaniel has provided specific factual detail that would support a plausible inference of unlawful discrimination. He noted that he was inappropriately touched and that he suffered adverse treatment as a result of his gender. This is all that is required by McDaniel at this early stage of the litigation.

Similarly, McDaniel has provide sufficient factual material to support a plausible inference that he was improperly subjected to unlawful retaliation in response to his filing a complaint with the Indiana Human Rights Commission and giving his deposition in another matter where Elgin is the defendant. Again, these are specific, factual allegations, not mere legal conclusions. McDaniel has alleged that he was fired in retaliation for these activities and that is sufficient to satisfy the requirements of the Rule 8 pleading standard as described in *Iqbal*. This is not to say that McDaniel's allegations are to be believed or that there is sufficient evidence to successfully resist a motion for summary judgment. Rather, McDaniel has pleaded sufficient specific factual matter that satisfies the relatively low hurdle required by the Rule 8 liberal pleading standard and therefore dismissal of Plaintiff's claims is not warranted.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED.**


DATED: January 22, 2010                /s/RUDY LOZANO, Judge
                                       **United States District Court**