```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

GARY McDANIEL,                      )
                                    )
          Plaintiff                 )
                                    )
     v.                             )   CIVIL NO. 2:09-cv-119
                                    )
MARY ELGIN, Calumet Township        )
Trustee; INDIANA DEPARTMENT OF      )
WORKFORCE DEVELOPMENT,              )
                                    )
          Defendants                )

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss, Exclude Evidence and for Discovery Sanctions Pursuant to F.R.C.P. 37(b)(2) [DE 45] filed by the defendant, Mary Elgin, on April 19, 2011, and the Amended Second Motion to Dismiss, Exclude Evidence and for Discovery Sanctions Pursuant to F.R.C.P. 26(g) and 37(b)(2) [DE 58] filed by defendant Elgin on May 26, 2011. For the following reasons, the Motion to Dismiss, Exclude Evidence and for Discovery Sanctions Pursuant to F.R.C.P. 37(b)(2) [DE 45] and the Amended Second Motion to Dismiss, Exclude Evidence and for Discovery Sanctions Pursuant to F.R.C.P. 37(b)(2) [DE 58] are **GRANTED IN PART** and **DENIED IN PART.**

### Background

On November 16, 2010, the defendant, Mary Elgin, served a request for production of documents and interrogatories on the plaintiff, Gary McDaniel. The parties agreed to extend the time

for McDaniel to respond up to and including January 13, 2011. McDaniel provided a response to Elgin's interrogatories on that day and responded to her request for production of documents the following day. On January 19, 2011, and January 24, 2011, respectively, Elgin informed McDaniel that his responses to the production requests and interrogatories were evasive, incomplete, and non-responsive. Elgin represents that she made several attempts to procure complete responses from McDaniel before filing a motion to compel on February 10, 2011. McDaniel did not respond to Elgin's motion to compel within the time contemplated by the local rules, and Elgin filed a motion for summary ruling. Elgin states that she informed McDaniel of the pending motion to compel in her correspondence to schedule depositions. McDaniel did not respond to Elgin's motion for summary ruling.

Noting the lack of response to Elgin's motion to compel responses to her request for interrogatories, the court granted Elgin's motion to compel and directed McDaniel to serve complete and non-evasive responses within ten days. McDaniel failed to supplement his responses to the interrogatories within the time ordered by the court and now explains that he did not receive a copy of the court's March 2, 2011 Order because it went to his counsel's spam folder. McDaniel contends that he subsequently

tendered amended discovery. McDaniel also has complained of the difficulties the parties faced scheduling depositions.

Elgin filed a second motion for sanctions on May 26, 2011, explaining that McDaniel lied in his response to her first motion for sanctions. Elgin contends that McDaniel did not serve amended discovery responses until after he filed his response to her first motion for sanctions, although he stated that he had done so in his response. McDaniel's amended responses were postmarked one day before he filed his response to Elgin's first motion for sanctions, but Elgin did not receive the amended responses until eight days after McDaniel filed his response. Although Elgin acknowledges that McDaniel served amended discovery responses, the responses were not filed within the deadline imposed by the court. Moreover, Elgin complains that the newly amended responses are prejudicial because discovery closed May 5, 2011, and dispositive motions were due May 31, 2011, so Elgin was not afforded an opportunity to conduct discovery on McDaniel's new contentions.

## Discussion

Federal Rule of Civil Procedure 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

> (2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as con-
> tempt of court the fail-
> ure to obey any order
> except an order to submit
> to a physical or mental
> examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and to achieve an orderly disposition. *See* ***Chambers v. NASCO, Inc.,*** 501 U.S. 32, 44, 47, 111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a party); ***Barnhill v. United States***, 11 F.3d 1360, 1367 (7th Cir. 1993). The court should consider several factors when determining which sanctions to apply, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." ***Rice v. City of Chicago***, 333 F.3d 780, 784 (7th Cir. 2003) (*citing* ***Williams v. Chicago Bd. of Educ.***, 155 F.3d 853, 857 (7th Cir. 1998)). The sanctions must be proportional to the party's misconduct. ***Collins v. Illinois,*** 554 F.3d 693, 696-698 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. ***Barnhill***, 11 F.3d at 1368.

Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or

when less drastic sanctions have proven unavailing. *Sun v. Board of Trustees*, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *Danis v. USN Communications, Inc.*, 2000 WL 1694325, *33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party") (*citing* *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (explaining that a party should only be sanctioned with dismissal in extreme situations where there is evidence of willfulness, bad faith, or fault by the noncomplying party)). The court first must consider whether less severe sanctions will remedy the damage. *Marrocco v. General Motors*, 966 F.2d 220, 223-24 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. The court should consider whether there has been a clear record of delay or contumacious conduct, or whether less drastic sanctions have been unavailing, when assessing dismissal for want or prosecution or failure to comply with a court order. *Maynard*, 332

F.3d at 468-69; ***Large v. Mobile Tool International, Inc.***, 2008 WL 2116967, *7 (N.D. Ind. 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement - a finding of willfulness, bad faith or fault - comes into play when dismissals are used specifically as a discovery sanction under Fed.R.Civ.P. 37." ***Maynard***, 332 F.3d at 468-69 (*citing* ***In re Golant***, 239 F.3d 931, 936 (7th Cir. 2001); ***Langley v. Union Electric Co.***, 107 F.3d 510, 514 (7th Cir. 1997); ***In re Rimsat, Ltd.***, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court)). "That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." ***Maynard***, 332 F.3d at 468. *See also* ***Melendez v. Illinois Bell*** Co., 79 F.3d 661, 671 (7th Cir. 1996) ("Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant.").

Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a

7

court order. *Marrocco*, 966 F.2d at 224; *Maynard*, 332 F.3d at 470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses). Similarly, fault does not mean the party's subjective motivation, but rather "the reasonableness of the conduct — or lack thereof — which eventually culminated in the violation." *Marrocco*, 966 F.2d at 224; *Langley*, 107 F.3d at 514. The Seventh Circuit requires clear and convincing evidence of the discovery abuse to justify a default judgment because of the harsh nature of the penalty and the court's policy of favoring trial on the merits. *Maynard*, 332 F.3d at 468 ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."); *Larson v. Bank One Corp.*, 2005 WL 4652509, *9 (N.D. Ill. August 18, 2004) (explaining that a default judgment requires clear and convincing evidence of the sanctionable conduct, although an issue-related sanction requires only a preponderance of the evidence).

McDaniel has displayed sanctionable behavior throughout the discovery process. To begin, his initial responses to Elgin's discovery requests clearly were insufficient. For example, when asked to identify specific events of harassment, McDaniel made vague statements such as he was harassed each and every day, and

8

when asked for specific information about his request to transfer, McDaniel only stated that he made the request orally. McDaniel then refused to cooperate with Elgin in supplementing his responses, causing Elgin to seek court intervention. McDaniel did not file a response to Elgin's motion to compel and provided no explanation for his refusal to provide the appropriate responses to Elgin's discovery requests, wasting the resources of both the defendant and the court. If McDaniel did not have any legal justification for his failure to provide complete discovery responses, he should have resolved the matter before Elgin was forced to file a motion to compel or sent the complete responses after Elgin first filed her motion to compel.

Moreover, in his response to Elgin's motion for sanctions, McDaniel did not provide any explanation for his failure to respond to Elgin's motion to compel, despite ample warning from Elgin of the pending motion. Nor does McDaniel state that he ever believed his original discovery responses were sufficient. McDaniel more or less acknowledges his failure to provide appropriate responses and to supplement them within the time provided by the court. The only justification McDaniel offered for failing to comply with the court's order to supplement his responses within ten days was that notice of the order was sent to his counsel's spam box. However, it is an attorney's duty to

9

stay abreast of her cases.  McDaniel does not contend that he was unaware of the motion to compel or the motion for summary ruling, and therefore should have been aware that an order was forthcoming.  This explanation is a further display of McDaniel's attorney's reluctance to manage this case, comply with deadlines, and cooperate with Elgin.  McDaniel has ignored the court's deadlines and orders without any sufficient explanation as to why he was unable to comply.

Although McDaniel eventually provided amended responses to Elgin's discovery requests, his responses were served well past the court ordered deadline, and he has offered no justification for failing to provide complete responses originally, failing to resolve the issue without court intervention, and failing to serve complete responses from the time he was served with Elgin's discovery requests until two months after the court ordered him to comply.  Furthermore, Elgin did not receive the amended responses until eight days after McDaniel filed his response to the motion for sanctions, indicating that he may have deceived the court on when he sent the amended discovery.  McDaniel does not dispute Elgin's contention that he sent the amended discovery after he filed his response to Elgin's first motion for sanctions.  McDaniel also identified witnesses, stating they would collaborate his contentions and were witnesses to the alleged

harassment. However, at their depositions, the witnesses McDaniel identified stated that they did not witness the alleged harassment. McDaniel then responsed to Elgin's interrogatories in an effort to fill in the gaps left by his witnesses' lack of substantive testimony. However, the amended responses were sent six months after Elgin first served the discovery requests, two months after the court ordered McDaniel to provide complete responses, after the discovery deadline, and shortly before the dispositive motion deadline, limiting Elgin's opportunity to conduct further discovery of the contentions McDaniel made within his amended responses.

McDaniel also deceived Elgin when he stated in his first response to her request for interrogatories that he provided complete responses with the information then available. McDaniel's amended responses suggest that he had the information at the time he first responded to Elgin's interrogatories, and McDaniel does not deny that he had the requested information when he first responded. McDaniel has not given any explanation of how he acquired knowledge between his first and amended responses to Elgin's request for interrogatories of the events and damages that gave rise to this cause of action. McDaniel only states that he provided amended responses without acknowledging his justifications for originally failing to provide complete re-

sponses, failing to respond to Elgin's motion to compel, and failing to provide complete responses within the court ordered deadline.

Because McDaniel provided insufficient discovery responses, failed to cooperate with Elgin, did not file a response to Elgin's motion to compel, did not comply with the court's order in a timely manner, and deceived the court and Elgin on multiple occasions, the court finds that he conducted himself in a way deserving of sanctions. The court must now determine the appropriate sanctions.

Elgin argues that McDaniel's refusal to cooperate and his deliberate decision to ignore the court's order is deserving of dismissal of this action. However, dismissal is a severe sanction, and the court must first consider less severe penalties. The court previously sanctioned McDaniel by compelling him to pay the costs associated with Elgin's motion to compel. However, this was not enough to motivate McDaniel to follow court orders and to cooperate with discovery. For this reason, the court believes harsher penalties must be imposed. In failing to provide proper discovery responses within the discovery period and court ordered deadline, McDaniel inhibited Elgin's ability to explore the contentions McDaniel raised in his amended interrogatory responses. The court finds that the most appropriate

sanction to remedy this prejudice is to prohibit McDaniel from presenting evidence that exceeds the scope of his original responses to Elgin's interrogatory requests.

More specifically, in response to interrogatory 3, which requested information about McDaniel's employment history, McDaniel originally referred Elgin to documents P1 to P37 provided in response to Elgin's request for production of documents. McDaniel is, therefore, limited to introducing only these documents to show his post-termination history.

Interrogatory 5 asked McDaniel to identify and to give specific information regarding "every instance, time or occasion [he] received an unwelcomed sexual advance from Phyllis Harvey or [was] a victim of sexual harassment by Phyllis Harvey." McDaniel identified four specific instances and further stated he was "harassed each and every day" as well as "on one occasion" by Phyllis Harvey. Because McDaniel failed to provide specific information of any events that may have occurred beyond the four specific incidents he identified, he is prohibited from introducing evidence of any other events and from introducing more specific evidence of the harassment he alleges to have suffered each and everyday. The four identified events are hereby deemed the sole and exclusive allegations of sexual discrimination or harassment.

When asked the same question of Mary Elgin, McDaniel denied being a victim of sexual harassment by Mary Elgin, but he did not specifically state whether he ever received an unwelcomed sexual advance from Elgin. The court construes this response as an agreement that Elgin never made an unwelcomed sexual advance toward McDaniel, and McDaniel is prohibited from showing otherwise.

Interrogatory 10 asked McDaniel to identify all witnesses to the occurrences of which he complained. McDaniel identified Rosemary Rodriguez as an occurrence witness to an incident that occurred on January 9, 2008. In Interrogatory 12, McDaniel identified three individuals, Cora Harris, Derrick Raspberry, and Magnolia Lewis, as witnesses of McDaniel's refusal to go into Phyllis Harvey's office. McDaniel is limited to introducing Rodriguez and the individuals identified in response to Interrogatory 12 as occurrence witnesses to the specific events he identified the witnesses as having knowledge of. Moreover, McDaniel listed only three dates that he refused to enter Phyllis Harvey's office, and therefore, may not introduce evidence of other similar occurrences.

In Interrogatories 11 and 26, McDaniel was asked to give specific information surrounding his request to transfer because of the harassment he experienced. McDaniel is limited to intro-

ducing evidence directly related to his response that the request was made orally and may not submit additional evidence concerning his request to transfer.

Interrogatory 14 asked McDaniel for information supporting his allegation that he was discharged for political reasons. McDaniel's response states in its entirety that he was terminated shortly after giving a deposition in Velia Taneff's federal case. McDaniel did not describe any facts or circumstances explaining how his termination was politically charged, and he is hereby precluded from introducing any additional information that he was discharged due to political reasons.

Interrogatory 15 sought information regarding McDaniel's refusal to purchase political tickets from the defendant, and Interrogatory 16 asked for McDaniel's support for his claim that he was punished for refusing to purchase the tickets. In response, McDaniel simply stated that he refused to purchase tickets on each occasion and that he was "denied a promotion on an ongoing basis and refused requested training." Similarly, in response to Interrogatory 17 inquiring about McDaniel's claim that he was denied a salary raise and promotion for refusing to purchase tickets, McDaniel responded "asked and answered." Because McDaniel did not explain how his refusal to buy political tickets played any role in his failure to procure a promotion,

15

additional training, or salary raise, McDaniel is precluded from introducing evidence that he was punished for failing to purchase political tickets.

McDaniel also failed to explain how his civil rights were violated by Phyllis Harvey and Elgin, and is denied leave to introduce evidence of the same.

McDaniel referred Elgin back to his response to Interrogatory 5 in his answer to Interrogatories 21, 22, 23, 24, and 25. Therefore, he is limited to the evidence introduced in his response to Interrogatory 5, and subject to the limitations the court imposed on his response to Interrogatory 5, to show any sexual encounters with Harvey or that Harvey created a hostile work environment.

McDaniel also gave vague responses to Elgin's request for production of documents. He identified the documents relevant to the requests as "those produced herein","none at this time", or "none other than those prepared in anticipation of litigation." In light of McDaniel's vague and incomplete responses, he is prohibited from introducing into evidence any documents other than the documents numbered CT 001 to CT 1395 and pages P1 to P37 provided in response to Elgin's discovery requests, and related documents which were disclosed and exchanged during discovery

between the parties in connection with production requests 5, 7, 9, 11, 12, 15, 18, 20, 23, 25, 27, 28, 29, 32, 33, and 39.

In the event that McDaniel successfully proves his case despite these limitations, the court will not prohibit the introduction of evidence establishing the amount of damages he suffered despite his failure to explain adequately his damages in his response to Interrogatory 2. This is because the jury requires a basis on which to assess damages and denying the right to introduce evidence of the same would create confusion and may have the effect of dismissing McDaniel's suit.

Rule 37(d)(3) also states that the court must order the party failing to act or his attorney to pay the reasonable fees and expenses of the party requesting sanctions unless the refusal to provide the information was substantially justified. Because McDaniel has not offered any explanation for failing to provide complete responses within a timely manner, McDaniel is further **ORDERED** to pay all costs incurred by Elgin in filing the present motions and seeking sanctions against McDaniel.

_____

Based on the foregoing, the Motion to Dismiss, Exclude Evidence and for Discovery Sanctions Pursuant to F.R.C.P. 37(b)(2) [DE 45] filed by the defendant, Mary Elgin, on April 19, 2011, and the Amended Second Motion to Dismiss, Exclude Evidence

and for Discovery Sanctions Pursuant to F.R.C.P. 26(g) and 37(b)(2) [DE 58] filed by defendant Elgin on May 26, 2011, are **GRANTED IN PART** and **DENIED IN PART.**

ENTERED this 13th day of July, 2011

                                    s/ ANDREW P. RODOVICH
                                        United States Magistrate Judge